CHARLES COLTER, Appellant, *vs.* HENRY GREENHAGEN, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

An agreement to pay a note at a particular place, made after its maturity, is void, being without consideration.

When a pleading is attacked for being evasive and uncertain, the Court enjoys a more extensive range of examination, than when deciding a question raised by demurrer. The good faith of the pleader may be examined, and the moving party may produce proof outside the pleading, to satisfy the Court that the allegations are intended to evade a direct averment: and the Court may consider the nature of allegations, and the relations which the pleader sustained to their subject matter, as well as the words in which they are couched, to determine the propriety of compelling more certainty and precision in their expression.

Defendant pleaded a part payment of a note, as a consideration to support an alleged agreement to pay at a particular place. The plea was stricken out because it did not appear with sufficient certainty whether the payment was made before or after the maturity of the note. *Held*—to be error: because, although not sufficient for the purpose intended by the pleader, the plea of part payment stands unaffected. The Court should have ordered the allegations made definite and certain in the particular complained of, or that they be all stricken out except the plea of payment.

The following are the points and authorities relied on by the Counsel for the Apellant:

*First.*—That said District Court erred in its order of December 16th, 1858, ordering the Defendant within ten days to amend said amended answer, and in default thereof that the same be stricken out.

*Second.*—That said Court manifestly erred in holding the amended answer of Defendant uncertain as to *time*, when *time* was in no sense material. That the allegation that Plaintiff and Defendant, about two weeks before the maturity of said note, made an agreement that said note should be payable at

Colter v. Greenhagen.

Ullman's, is certain enough as to time, and the further allegation that about ten days thereafter, he paid on said note $300, said payment being made before maturity, is a good consideration for said agreement.

*Third.*—The allegation of the payment on said note shows the same was made about four days before said note matured, and as the payment could not affect the quantum of interest, time is not material. It would have been sufficiently certain, had it been alleged as having been made between the time of making and the time of maturity of said note.

*Fourth*—The order to strike out said payment, and deprive the Defendant of the benefit of it, because the time could not be exactly recollected and averred, is requiring a degree of certainty inconsistent with the rules and principles of pleading, and is a violation of the spirit of the code, which is not to be held as a trap for the unwary, and ought not by this kind of judicial acumen to be made more odious than the thing actually is.

*Fifth.*—The answer avers, that in pursuance of said contract, Defendant "did deposit with said Ullman the money to meet and pay said note;" showing that at the time said note matured, he was ready, as agreed upon, to meet and pay it,— not to part pay it, but to meet and pay it. Therefore, the answer did all the law required, and it is no objection if Defendant had more than enough on deposit. The note showed the amount, and therefore a specific allegation was not required. It was error, therefore, to order the part of said answer alleging said deposit to be stricken out.

*Sixth.*—That Defendant's answer showing the money to pay said note was duly deposited under said agreement, at and after the maturity of said note, and no interest could be recovered thereon, or lawfully adjudged against Defendant. *Story on Promissory Notes, sec. 23, and notes; Parsons' Mer. Law, pages* 108 *and* 109; 11 *Wheaton,* 171.

*Seventh.*—The answer of Defendant denies the right of Plaintiff to recover any interest whatever upon said note; yet said District Court, without authority of law, adjudged interest upon said note, and assessed damages for the non-payment,

though at the rate of three per cent. per month, thereby improperly and illegally including in said judgment $193.53, and more than allowed by law.

*Eighth.*—That in case said allegations of deposit and payment are properly stricken out, yet said Plaintiff could only · by law assess damages amounting to $46.47, when said District Court gave judgment against Plaintiff for $240 damages, being $100 more than entered by way of damages at the rate of five per cent. per month on the amount claimed in said summons.

*Ninth.*—That the costs and disbursements in said action are included, without due proof as required by law, and a greater sum is allowed, as appears upon the face of the record, than the statute allows.

*Tenth.*—That said judgment is given for said Greenhagen, when by the law of the land judgment should have been given for said Colter.

*Eleventh.*—That said Colter was entitled to a trial of the issues of fact in said case, yet judgment is given notwithstanding said issues, and in disregard of the same, without trial by jury or otherwise.

*Twelfth.*—That it is, and was erroneous to give judgment against the Appellant upon the said pleadings, without trial by the Court or by the jury.

Wherefore Appellant prays that said judgment be reversed, and that he may be restored to all things he has lost by reason thereof.

The following are the points and authorities relied upon by the Counsel for the Respondent :

*First.*—The time of the payment alleged in the amended answer is material ;—as, unless such payment was made before the maturity of the note, the agreement alleged was without consideration. The payment at or after the maturity of the note was but the performance by the Defendant of that which he was under a previous legal obligation to do. 1 *Parsons on Con.,* 363, *and cases there cited.*

*Second.*—The amended answer does not show whether such payment was made before, at, or after the maturity of the note. Perjury could not be predicated upon the allegations

in this behalf, even could it be shown that the Defendant knew that the agreement was not made until the day after the maturity of the note;—besides, the original answer alleges that the agreement (which was about ten days before the payment) was made "*when the note was due and payable;*" and this allegation is evidence against the party making it. *Andrews vs. Chadloum*, 19 *Bar. S. C. Rep.*, 139.

*Third.*—The allegations of said amended answer, then, to which the motion was directed, were clearly indefinite and uncertain, and the Court properly ordered them stricken out, or that the pleading be amended. *Amendments to Rev. Stat., p. 9, sec. 27; The People vs. Ryder*, 3 *Kernan*, 438–440.

*Fourth.*—No question was made in the Court below as to the *rate* of interest or damages, although the damages were assessed upon notice to the Defendant's attorneys, specifying the rate claimed—and no such question can therefore be made here. The objection made in the answer was to *all* interest, not to the *rate*.

*Fifth.*—Even if the clerk had committed an error in the assessment of damages, which the Defendant is entitled to have corrected on appeal, this Court will not for that reason reverse the judgment, but the record showing what amount the Plaintiff is entitled to recover, will properly modify the judgment, without costs to either party. *Rev. Statutes, p. 414, sec. 8; Ib., p.* 371, *sec. 5.*

Smith & Gilman, Counsel for Appellant.

Brisbin & Bigelow, Counsel for Respondent.

*By the Court*—Flandrau, J. This is a question of pleading. The action is upon a promissory note for $740, payable in ninety days, with interest after maturity at three per cent. per month. The complaint admits a payment at the maturity of the note of $240. The Defendant answered, setting up an agreement that the note should be made payable at "Ullman's, on Jackson street in the city of St. Paul," and that he had made arrangements and been ready to pay the same; but it

had not been presented, and that the sum of five hundred dollars was then due on the note, which corresponds with the statement in the complaint as to the amount due. It also alleges this agreement to have been made " when the note mentioned in the Plaintiff's complaint became due and payable." This answer was demurred to, and the demurrer properly sustained, as such an agreement, made " when the note became due and payable," was without consideration and imposed no obligation upon the Plaintiff whatever. The Defendant, under the permission of the Court, amended his answer, and alleged that "about two weeks prior to the time when said note mentioned in the Plaintiff's complaint became due and payable," the agreement was made that the note should be payable at the store of Joseph Ullman, &c.; and to avoid the difficulty of want of consideration which was encountered in the first answer, alleges, that "in consideration thereof, and in about ten days thereafter, this Defendant paid the said Plaintiff the sum of three hundred dollars on said note." Then follow allegations o a deposit of the money with Ullman, which from the view I take of the case will be deemed sufficient. The Plaintiff then moved for an order requiring the Defendant to make these allegations more certain and definite, or that they be stricken out under *Section 76 of the R. S. on page 339, as amended on page 9 of the Amendments.* The Court granted the motion, and ordered the answer to be amended in these particulars, or be stricken out altogether, and that Plaintiff in such an event take judgment as for want of an answer. The Defendant failing to amend, judgment was entered for the amount claimed in the complaint,—that is, the note less the $240 payment, with interest from the date of its maturity until judgment, at three per cent. per month. From this judgment the Defendant appeals.

The reason that in stating the facts of the case I have mentioned the first answer which was put in by the Defendant, and which was disposed of on demurrer, when the questions to be decided arise on the amended answer, is this: because, when a pleading is attacked, as this one was, for being " evasive and uncertain," and the Court is called upon to determine whether

the same ought to be amended, it certainly enjoys a more extensive range of examination than when deciding a question raised by demurrer. The sufficiency of the pleading, as appears upon its face, is not alone the criterion by which the Court is to be guided, but to some extent the good faith of the pleader is called into question; and I apprehend that the moving party may produce proof outside of the pleading itself to satisfy the Court that the allegations are intended to evade a direct averment, which the pleader cannot in conscience make, and that the Court may consider the nature of allegations themselves, and the relations which the pleader sustained to the subject matter of them, as well as the words in which they are couched, to determine the propriety of compelling more certainty and precision in their expression. *See Howard's N. Y. Code, page* 253, where the result of the authorities is given on the subject of striking out sworn answers as sham. Although the subject is somewhat different from the one under consideration, yet it involves the same principles, as both are methods of striking out sworn answers, on motion.

When the first answer was disposed of on demurrer, it did not thereby become annihilated and stricken from the record of the Court, but simply ceased to have the force of a *good* answer in the case; if the Defendant had not seen fit to file a new answer, then the complaint, the bad answer and the demurrer would have been the pleadings that would have been inserted in the Judgment Roll, and when he did file an amended answer, the first one, although superseded in its office of contributing towards the formation of the issue, still remains as a record of the Court which may be judicially recognized when brought into question. On this motion, the allegations assailed were exceedingly loose in their expression. To say that an agreement was made " *about two weeks prior* " to any event, is as much to say that it was made within nine or eight days of it, as to say that it was made within sixteen or twenty days of it, or any other time between one and three weeks of the event; because " *about* " a given time, is as much indicative of a little less, as it is of a little greater period: therefore, it may as well be understood that this agreement set

up in the amended answer took place eight or nine days prior to the maturity of the note, as a greater period of time. The allegation of the payment of three hundred dollars in order to serve as a consideration for this agreement, must have been paid prior to the maturity of the note, because a payment after maturity would be nothing more than the fulfillment of a legal obligation, which, in itself, is never sufficient to support a new contract. The payment is alleged to have been made " *in about ten days* " after the making of the agreement for which it was to form the consideration. This allegation is subject to the same criticism which has been made upon the other, and may throw the payment beyond the maturity of the note, as well as prior to that event. The time of the payment is material in determining whether the contract was valid or not. The party pleading such a contract, is bound to state it with sufficient certainty, at least, to make the probabilities in favor of its validity; here, they are quite as much against the payment having been made before maturity, as in favor of such fact. This is discussing the allegations upon their face alone, but when we look upon their peculiar wording, framed as they were after a decision pointing out the insufficiency of the allegations in the first answer, and compared with the former sworn allegation that the agreement was made " when the note became due and payable," and the entire absence of any allegation of payment of three hundred dollars, it is almost impossible to resist the conclusion, that the form of averment is adopted in order to present a defence, which the facts, if correctly and definitely stated, would not warrant. I have no doubt at all that the Court took the right view of these allegations, and properly ordered them made more certain if the Defendant wished to avail himself of the benefit of the agreement. But it does not follow that because the allegation of the payment of the three hundred dollars is not pleaded with sufficient certainty as to time, to render it effectual as a consideration for the agreement to pay the note at a particular place, that it is not well pleaded as a payment on the note. There can be no doubt from the answer that the Defendant means to allege the payment of three hundred dollars upon the note; and as a payment simply,

the time is immaterial if it appears to have been made before the commencement of the action. The Counsel for the Plaintiff contends that, being pleaded in this particular way, the Court did right to strike it out altogether if insufficient for that object. I cannot agree with him in this respect. If the Defendant refused to amend, the Court was right in striking everything out of the answer except this allegation of payment, because all the rest of it is dependent upon the one fact of whether this payment was made at a time prior to the maturity of the note, so as to make it a consideration for the agreement to pay it at Ullman's; and if this fact fails, the rest of the answer falls with it, but the fact of payment stands unaffected.

Taking the whole case together, it would seem that the payment alleged in the answer is the same mentioned in the complaint, changed in amount, and left doubtful as to time, in order to disguise its identity; but the presumption, or rather suspicion, is perhaps not strong enough to act upon. The Court erred in ordering the whole answer stricken out. It should have ordered the allegations made certain in the particulars complained of, or that they all be stricken out except that of the payment, leaving the Plaintiff to reply as he might be advised.

The order striking out the Defendant's answer is so modified as to allow the Defendant to amend by making certain the allegations concerning the time of the making of the agreement, and the payment of the three hundred dollars under it, within ten days after service of the order to be entered upon this decision, and should he not so amend, then the answer to stand as alleging the payment of three hundred dollars on the note. The question of damages and costs will necessarily be re-heard, so they are not mentioned here. As the Plaintiff is entitled upon the pleadings to a judgment in his favor in any event, the one now entered may stand as his security until the decision of the case as it will now be presented.

The Defendant should recover ten dollars costs of this Court and his necessary disbursements.