## EARL *v.* HARRIS.

### Opinion delivered May 1, 1911.

1.  TIMBER—EFFECT OF SALE OF.—Under a deed conveying the standing timber on land, without selling the land, the grantee obtains only an estate in the standing timber, including the right to enter upon the land for the removal thereof, and the estate in the timber ceases with the right to enter and remove same from the land. (Page 114.)

2.  SAME—TIME FOR REMOVAL.—When standing timber is sold without the land, the contract ordinarily specifies the time during which the right to enter and remove the timber continues; but where no time is specified, such right continues for a reasonable time. (Page 114.)

3.  CONTRACTS—CONSTRUCTION.—Contracts should be so construed that each part may take effect, and no word should be treated as surplusage if any meaning can be given to it that is reasonable and consistent with the other words of the contract. (Page 115.)

4.  TIMBER—CONTRACT FOR REMOVAL,—CONSTRUCTION.—A contract for the sale of timber which stipulated that the vendee should "cut and remove said timber as expeditiously as possible," and that unless he shall have removed all the same within five years he shall pay the taxes thereafter assessed against the land until said timber is removed, contemplated not that the vendee should have five years to cut and remove the timber but that he should remove the timber as expeditiously as possible, and that if he required more than five years to do so then he should pay the taxes thereafter assessed against the land. (Page 115.)

Appeal from Perry Circuit Court; *F. Guy Fulk,* Judge; reversed.

*William L. Moose,* for appellant.

The court must have based its peremptory instruction upon the provision in the contract that "unless it shall have removed all the same (timber) within five years from the date hereof, it shall be responsible for, and pay to the party of the first part, the full amount of taxes," etc., construing this clause as giving appellee the right to hold the land indefinitely after the expiration of five years simply by paying taxes on the land. But such construction ignores that other requirement of the contract that the timber should be removed as "expeditiously as possible." If nothing had been said about the time of removal, the law would have given appellee a "reasonable time;" but the stipulation, "expeditiously as possible," goes beyond the rule of law, and indicates that the parties contemplated that there should be no unnec-

essary or avoidable delay in the work of cutting and removing. The delay of four and a half years during which time appellee admits that he made no effort, and did not want, to cut and remove the timber, was not a compliance with the contract. 77 Ark. 116; 78 Ark. 413; 84 Ark. 603; 93 Ark. 5; 97 Ark. 167.

*J. H. Bowen,* for appellee.

The intention of the parties to a written contract must be gathered from the whole instrument. To allow the words "as expeditiously as possible" to control in this case would be to do violence to the remainder of the paragraph in which it appears, and would be contrary to the rule of law. Lawson on Contracts, § § 387, 388, 389; Bishop on Contracts, § 384; 53. Ark. 58; 23 Ark. 582; 3 Ark. 258.

The construction of a contract is a matter of law for the court. 20 Ark. 583. And where the facts are undisputed, and there is no room for an honest difference of opinion as to the effect of the reasonable inferences to be drawn therefrom, it is proper to give a peremptory instruction. 61 S. W. 41.

FRAUENTHAL, J. This is a replevin suit to recover a number of crossties which plaintiff below alleged that the defendant had manufactured from timber cut wrongfully from his land. Plaintiff acquired the land from a former owner by a deed executed to him on March 15, 1904. Defendant admitted cutting from the land the timber from which the ties were made, but claimed the right to do so by virtue of a deed executed to him by said former owner of the land, conveying to him this timber. On January 20, 1903, said former owner of the land, for a valuable consideration, executed to the defendant a deed by which he did sell and convey to him as party of the second part all the merchantable timber over 12 inches in diameter on said land. Said deed provided: "The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed that unless it shall have removed all the same within a period of five years from the date hereof it shall be responsible for and pay to the first party the full amount of the taxes assessed against said land after the expiration of said period of five years from this date until such time as said timber is removed and said possession returned to said first party." This deed was duly acknowledged and recorded in 1903, and the testimony on the

part of the defendant tended to prove that the plaintiff knew that the defendant had obtained this timber deed from said former owner when he purchased the land from him.

The testimony on the part of the defendant tended further to prove that the land was located at quite a distance from any point where timber after being cut could be hauled for marketing, and that the land was somewhat inaccessible; that when he bought the timber he intended to manufacture same into lumber at a mill located near the land, but that the mill was shortly thereafter moved; that thereafter he made further preparations to obtain facilities to cut the timber, when he was delayed by the plaintiff interfering with his employees and causing them to quit cutting same; that he was thus delayed in cutting the timber by the interference of plaintiff until 1908, and that as soon thereafter as proper arrangements could be made by him he proceeded to further cut the timber, and in the summer of 1908 did cut and make the ties involved in this suit.

There was testimony adduced upon the part of the plaintiff tending to prove that the defendant did not proceed with promptness or with expedition in cutting and removing said timber.

The court directed the jury to return a verdict in favor of defendant, which was done, and the plaintiff has appealed to this court.

The testimony shows that the plaintiff became the owner of the land in March, 1904, and was therefore entitled to the timber thereon and the ties involved in this suit which were made therefrom unless the defendant had acquired same at the time these ties were cut by virtue of said timber deed. The rights of the parties herein, therefore, are determined principally by the above provision of said timber deed, which in effect stipulated . when the timber should be cut and removed from said land.

It has been held by this court that, under a deed conveying the standing timber without selling the land, the grantee obtains only an estate in the standing timber, including the right to enter upon the land for the removal thereof, and that the estate in the timber ceases with the right to enter and remove same from the land. *Liston* v. *Chapman & Dewey Land Co.,* 77 Ark. 117.

Ordinarily, when the standing timber is sold without the land, the contract specifies the time during which the right to

enter upon the land and remove the timber therefrom continues. But where no time is specified, then such right only continues for a reasonable time. *Liston* v. *Chapman & Dewey Land Co., supra; Hall* v. *Wellman Lumber Co.,* 78 Ark. 408; *Garden City Stave & Heading Co.* v. *Sims,* 84 Ark. 603; *Griffin* v. *Anderson-Tully Co.,* 91 Ark. 292; *Fletcher* v. *Lyon,* 93 Ark. 5.

What is a reasonable time in which to enter upon and remove the timber from the land under such deed is generally a question of fact, dependent upon the circumstances of each case, *Liston* v. *Chapman & Dewey Land Co., supra.* The timber deed or contract in this case makes provision for the time in which the timber was to be cut and removed from the land, but the provision contains three expressions referring to time. It provides that the timber shall be removed "as expeditiously as possible;" it then seems to contemplate that the timber might be removed within a period of five years from the date of the deed, but if it was not removed within that period of time then the defendant should have additional time in which to cut and remove it. In order to arrive at the intention of the parties as to the time in which the timber under this contract should have been cut and removed, all parts of the above provision must be taken into consideration. No word should be treated as surplusage and disregarded, if any meaning which is reasonable and consistent with the other parts thereof can be given to it. This provision of the contract or timber deed should be construed, therefore, so that each part should take effect. *Childress* v. *Foster,* 3 Ark. 258; *Vaugine* v. *Taylor,* 18 Ark. 65; *Kelley* v. *Darling,* 23 Ark. 582; *Railway* v. *Williams,* 53 Ark. 58 at page 66.

Viewed in this way, we think that by this provision the parties intended that the defendant should cut and remove the timber from the land as expeditiously as possible, and that it was within the contemplation of the parties at the time that it might take the defendant longer than five years from the date of the deed in which to cut and remove the timber, although he proceeded with all possible expedition. One of the primary purposes, however, of this stipulation, we think, was that the defendant should begin to cut and remove the timber promptly after the contract was made, and that he should continue to cut and remove the same as expeditiously as possible from that date until it was

all cut and removed. While this was considered essential, yet it was thought by the parties that, under the conditions and circumstances then surrounding the land and removal of the timber therefrom, it might take the defendant longer than five years in which to cut and remove the same, though he proceeded with proper dispatch; and in that event it was agreed that he should have longer than five years in which to cut and remove the same; and, the length of time which he should have after the five years not being specified, defendant had a reasonable time after the five years in which to remove the timber if he proceeded during all such time as expeditiously as possible. The specification of five years was made, we think, only for the purpose of fixing the amount which the defendant should pay for the timber. If, by proceeding with all possible expedition, he should cut and remove the timber within the period of five years, he should pay no further consideration than that which was named in the deed; but, if, while proceeding with all possible expedition, he should require longer than said five years in which to cut and remove the timber, then he would be required to pay an additional sum therefor, which was the amount of the taxes assessed against the land. In any event he was required to cut and remove the timber as expeditiously as possible, and he did not therefore have either five years or any other definite time in which to cut and remove the timber if he did not proceed continuously with all possible expedition from the date of the deed.

The controlling question involved in the case, we think, is whether or not defendant did, under the circumstances of the case, proceed with all possible expedition in cutting and removing the timber. If he did, then he had a reasonable time after January 20, 1908, in which to cut and remove the same. In order to determine whether or not the defendant did thus proceed in cutting and removing the timber from this land, it would be necessary to take into consideration the location of the land, its accessibility, the character and quantity of the timber thereon, the seasonableness of the weather, and the facilities which were obtainable for cutting and removing the timber, and all other conditions and circumstances which might affect the cutting and removing thereof.

Under the circumstances of this case, we think that it was

a question of fact for the jury to determine, under proper instructions given by the court, whether or not defendant did proceed with efficient promptness and dispatch in cutting and removing the timber from this land during all the time after he had obtained said timber deed.  25 Cyc. 1553; *Liston* v. *Chapman & Dewey Land Co., supra; Garden City Stave & Heading Co.* v. *Sims, supra; Fletcher* v. *Lyons, supra.*

The court therefore erred in directing a verdict for the defendant.  The judgment is accordingly reversed, and the cause is remanded for new trial.