YELVINGTON *v*. SHORT.

Opinion delivered February 2, 1914.

TIMBER—CONTRACT FOR SALE—REMOVAL.—Where a contract for the sale and removal of timber provides, that the vendee shall cut and

remove the timber as expeditiously as possible, and that unless it is removed within a period of two years the vendee shall be responsible for the taxes until it is removed, the grantee is required to cut and remove the timber as expeditiously as possible, and he did not have either a period of two years or any other definite time in which to cut and remove the timber, if he did not proceed expeditiously and continuously from the date of the deed. *Earl v. Harris,* 99 Ark. 112, followed.

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

### STATEMENT BY THE COURT.

On the 11th of July, 1906, the appellee executed a timber deed to Hamlen & Sons Company, conveying all white oak, cow oak and burr oak timber growing on certain lands in Columbia County, Arkansas, for the consideration of $150. The deed, among other things, provided that "The party of the second part (Hamlen & Sons Company) shall cut and remove said timber as expeditiously as possible," and that "unless it shall be removed within a period of two years from date hereof, then it shall be responsible and pay to the party of the first part (D. N. Short) the full amount of taxes assessed against said lands thereafter," until such time as said timber is removed and said possession returned to said first party."

The deed further provides that the vendee should have the right of possession for all purposes necessary for the cutting and removing of the timber during the period specified.

The vendee, through its agents and employees (appellant Yelvington being one of them), went upon the land soon after the purchase thereof in 1906 for the purpose of cutting and removing the timber mentioned in the deed. The appellant ceased cutting the first time about the 1st of September, 1906. The reason he stopped the first time was "for the want of hands." He could not haul the staves in the fall and winter of 1906 on account of scarcity of hands and the wet weather, and could not get hands after the hands quit in 1906 until the sum-

mer of 1907. In November, 1907, Short, the appellee, objected to his cutting the burr oak because he said it was not included in his deed to Hamlen & Sons Company. At that time appellant was acting for the vendee Hamlen & Sons Company, but on the 3d of December, 1907, appellant went on the lands for the purpose of cutting the timber. At that time he claimed to have a deed from Hamlen & Sons Company, the vendee, and was then acting for himself. The appellee objected to his cutting the burr oak timber because he said it was not included in his deed to Hamlen & Sons Company.

Appellant testified that he tried again in 1908 to get hands to cut the timber, but that Short would not let the hands cut. At that time he says he sent Stewart to get bolts and Short would not let him have them. The staves and bolts which Short forbade Stewart to haul belonged to appellant. He stated that he had estimated the timber and that there was, at the time Short forbade him to cut the timber, 161 cords, worth $2 per cord standing; that the standing timber was worth $322. He stated that the hands stopped the first time on account of bad weather, and as soon as the weather got good, they had to go to their crops. He did everything he could to cut the timber from 1906 to 1907, when Short forbade him cutting same.

On cross examination he stated that he tried to get hands in nearly every town and could not do so. Other parties had hands, but he did not think they had plenty. The farmers whom he had employed and who quit and went to work on their farms he did not try to get when they had gathered their crops. He did not think that they could work in the bottom, and said that for a year and a half he could not work in the bottom to do any good. Said after the farmers quit on account of bad weather, by the time they could get their crops gathered, the weather was bad again until spring, when they would go back to their crops, and that he went in to cut this timber as soon as he could. He mentioned three farmers he had employed to cut the timber. He did not try to get

these parties to go back in 1907, and did not remember what they were doing.

Another witness testified that he went over on the land to haul staves late in 1907. At this time the appellee objected to his cutting burr oak staves, and told him not to haul any more from the bottom.

It was shown that appellant purchased the timber from Hamlen & Sons Company, the vendees, and succeeded to its rights.

Appellant brought suit in 1910 against the appellee; took a non-suit on the 6th day of September, 1911, and brought the present suit on November 14, 1911, to recover damages against the appellee, for alleged violation of his contract in that he forbade the appellant from exercising his rights under his deed to go upon the lands and cut and remove the timber. He set up that he was damaged in the sum of $361.18.

The appellee admitted the deed from himself to the Hamlen & Sons Company, but alleged that the deed only gave to Hamlen & Sons Company a reasonable length of time in which to remove said timber, and alleged that they had cut and removed all the timber that was conveyed to them by the deed. He denied appellant's alleged rights to go upon the land to cut the timber, and denied that he had violated any of the terms of the deed and agreement with Hamlen & Sons Company, and that he had violated any contract with the appellant or any one else.

The above are substantially the facts upon which the court directed a verdict in favor of the appellee, and this appeal has been duly prosecuted.

*Stevens & Stevens,* for appellant.

*Kelso & Pope* and *C. W. McKay,* for appellee.

WOOD, J., (after stating the facts). We are of the opinion that under the undisputed evidence, the court did not err in directing a verdict in appellee's favor. The deed under which appellant asserts his rights contained a provision similar to the deed construed by this court in

*Earl* v. *Harris,* 99 Ark. 112, the only difference being that in that case the time was five years, whereas in the present case the time is fixed at two years in which the grantee should begin to pay the taxes on the land in the event all the timber was not removed at the expiration of such period. In that case we held that the clause under consideration contemplated that the vendee should have the full period mentioned in the deed as the time when the grantee should begin the payment of taxes for cutting and removing the timber, but that under this provision the vendee should remove the timber as expeditiously as possible; that this clause determined the time in which the timber should be removed, which meant a reasonable time, the grantee proceeding as expeditiously as possible; that under such provision the grantee should begin cutting and removing the timber as expeditiously as possible after the deed was executed, and that he should continue in the same manner until it was cut and removed. In that case we said: ''The grantee was required to cut and remove the timber as expeditiously as possible, and he did not therefore have either five years or any other definite time in which to cut and remove the timber if he did not proceed continuously with all possible expedition from the date of the deed.''

Applying the principles of that case to the evidence in this record, we are of the opinion that the court did not err in holding that, under the undisputed evidence, the appellant did not proceed ''as expeditiously as possible'' to cut and remove the timber. The appellant, after beginning to cut the timber, and after continuing for a few weeks, desisted, and did not commence again until about sixteen months had elapsed. The testimony in our opinion, is not sufficient to show any reasonable excuse or explanation for this delay. The attempted explanation as to the scarcity of hands, wet weather, etc., is not sufficient. Considering the amount of timber that appellant bought, and which he had the right to remove, and the circumstances as developed by the undisputed evidence surrounding the appellant, he did not proceed

as expeditiously to cut and remove the timber as the contract under which he claimed contemplated.

The judgment of the circuit court is therefore correct and it is affirmed.