NEWTON *v.* WARREN VEHICLE STOCK COMPANY.

Opinion delivered January 18, 1915.

1.   TIMBER CONTRACT—REMOVAL OF TIMBER—BREACH.—Where appellee
     contracted to purchase and remove timber within a certain

time, the fact that misfortune overtook the appellee will not excuse it for liability for a breach of the contract.

2. TIMBER—CONTRACT FOR REMOVAL—CONSTRUCTION.—Appellant sold certain timber to appellee, the appellee agreeing to "cut and remove said timber as expeditiously as possible, and * * * unless it shall have removed all the same within a period of ten years from the date hereof," that appellee should pay all taxes on the said land until the timber is removed and the land returned to appellant. *Held,* the contract did not give absolutely and at all events any definite time for the removal of this timber, but required that it be removed expeditiously, and sufficient time therefor was given, and the right to cut and remove the timber expired when a reasonable time had been given for its expeditious removal.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

*J. R. Wilson,* for appellant.

Appellant's right to prevail in this suit depends upon the construction given to the "expeditious clause" of the deed. That clause was construed in *Earle* v. *Harris,* 99 Ark. 112, in favor of appellant's contention.

The evidence fails to disclose any reasonable excuse for the failure to remove the timber. No act of God is shown, nor that of a public enemy, to excuse the failure; and the showing by their witnesses that if they had worked as expeditiously as possible they could have removed the timber, but that it would have been poor business, resulting in great financial loss, is no sufficient excuse. 93 Ark. 452; 7 Ark. 123; 82 Ala. 302; 3 Paige on Contracts, § 1440; 145 Fed. 296. As to the reasonable time rule, see *Earle* v. *Harris, supra,* and *Yelvington* v. *Short,* 111 Ark. 253.

*D. A. Bradham,* for Stock Company; *B. L. Herring,* for the Lumber Company, appellees.

On the face of the deeds the chancellor's decision is right and should be affirmed. By its timber deed, appellee stock company acquired an estate in the timber. 77 Ark. 116, 119. This estate continues for the time named in the deed. *Id.;* 93 Ark. 5, 10; 99 Ark. 112.

The parties to the deed did not mean or intend by the language "to cut the timber as expeditiously as pos-

sible," that the grantee was bound at all hazards, save the acts of God, to begin cutting and removing the timber at once after the date of the deed and to continue cutting and removing it with the same haste, without interruption, until it was cut and removed. This court has said that "this clause determined the time in which the timber should be removed, which meant 'a reasonable time,' the grantee proceeding as expeditiously as possible." 163 S. W. (Ark.) 522. See also 165 S. W. (Ark.) 633. A reasonable time is a fact to be determined from the peculiar circumstances of each case, and the conditions surrounding the parties at the time the deed is made. 77 Ark. 116, 120. See also 104 Ark. 466, 473.

SMITH, J.    On August 4, 1906, appellee Warren Vehicle Stock Company purchased from one Mrs. Heath the timber on 400 acres of land owned by her for a consideration of $900 cash. On November 7, 1912, Mrs. Heath conveyed the timber on the same lands to appellant, and this litigation involves the title to that timber.

The deed to appellee, Warren Vehicle Stock Company, appears to have been what is called an "Expeditious Timber Deed." This deed contained the following stipulation:

"The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed that unless it shall have removed all the same within a period of ten years from the date hereof, that it shall be responsible for and pay to the first party the full amount of taxes assessed against said lands after the expiration of said period of ten years from this date until such times as said timber is removed and said possession returned to said first party. The said second party shall have free and uninterrupted possession of said land during the term of this indenture for the purpose herein set forth, and shall have free ingress and egress thereto and therefrom, with the right to build and operate tram or railroad on to or across said land for the purpose of transporting the timber therefrom, or for transportation of timber belonging to or that may belong to said second

party, and to this end shall be regarded as the holder of said land, to sue for and recover the same from all persons whatever, holding or attempting to hold the same; provided, that the said first party, its heirs or legal assigns, may retain such possession of said land, at all times, as shall not interfere with the rights of the second party under this deed for the purpose aforesaid." The provision for free and uninterrupted possession of the land, with the right of ingress and egress, does not add anything to the time given for the removal of the timber, but only undertakes to deal with the question of possession.

By comparison it will be seen that the contract for the sale of the timber is identical with the instrument set out in the case of *Earl* v. *Harris,* 99 Ark. 112, except that in that case the period of removal was limited to five years, whereas in the instant case ten years were given for that purpose.

Appellee cut and removed some of the oak timber, but says that the larger and more valuable portion of it still remains standing thereon. As an excuse for its failure to remove the timber, it offered evidence tending to establish the following facts: It operated the mill until the panic of 1907, when the lumber market was so affected that the mill began to lose money, and continued to operate at a loss until September, 1908, by which time the company's capital was wiped out and it was insolvent, and for the want of funds with which to run, and a market for its output, the company closed the mill down, expecting to again operate it as soon as it could recover, and the price of the products should go up, but its intention was, preferably, to sell out its holdings and get another company to operate its plant. In its efforts to sell and get another mill in operation and get the Heath timber off, a sale was effected to a concern, which was made a party to this proceeding, known as the Texas Hardwood Lumber Company, in December, 1912. After cutting and removing some of the timber the vehicle company ceased cutting it entirely for several years, during all

of which time it was apparently waiting for an improved market, or an advantageous opportunity to sell its interest.

(1) The excuse given for appellee's failure to remove the timber was insufficient. *Ingham Lumber Co.* v. *Ingersoll,* 93 Ark. 447.

But appellees insist that, under the terms of their contract, they had at all events at least ten years in which to remove the timber, and as much longer as might be necessary, providing they were proceeding expeditiously to remove it.

This contract was construed in the case of *Earle* v. *Harris, supra,* where it was said: "Viewed in this way, we think that by this provision (the one set out above) the parties intended that the defendant should cut and remove the timber from the land as expeditiously as possible, and that it was within the contemplation of the parties at the time that it might take the defendant longer than five years from the date of the deed in which to cut and remove the timber, although he proceeded with all possible expedition. One of the primary purposes, however, of this stipulation, we think, was that the defendant should begin to cut and remove the timber promptly after the contract was made, and that he should continue to cut and remove the same as expeditiously as possible from that date until it was all cut and removed. While this was considered essential, yet it was thought by the parties that, under the conditions and circumstances then surrounding the land and removal of the timber therefrom, it might take the defendant longer than five years in which to cut and remove the same, though he proceeded with proper dispatch; and in that event it was agreed that he should have longer than five years in which to cut and remove the same; and, the length of time which he should have after the five years not being specified, defendant had a reasonable time after the five years in which to remove the timber if he proceeded during all such time as expeditiously as possible. The specification of five years was made, we think, only for

the purpose of fixing the amount which the defendant
should pay for the timber. If, by proceeding with all
possible expedition, he should cut and remove the timber
within the period of five years, he should pay no further
consideration than that which was named in the deed;
but, if, while proceeding with all possible expedition, he
should require longer than said five years in which to
cut and remove the timber, then he would be required to
pay an additional sum therefor, which was the amount
of the taxes assessed against the land. In any event he
was required to cut and remove the timber as expedi-
tiously as possible, and he did not therefore have either
five years or any other definite time in which to cut and
remove the timber if he did not proceed continuously
with all possible expedition from the date of the deed.''

A contract with similar, if not identical, provisions
was again construed by this court in the case of *Yelving-
ton* v. *Short,* 111 Ark. 253, in which it was said (to quote
the syllabus):

''Where a contract for the sale and removal of tim-
ber provides, that the vendee shall cut and remove the
timber as expeditiously as possible, and that unless it is
removed within a period of two years the vendee shall
be responsible for the taxes until it is removed, the
grantee is required to cut and remove the timber as expe-
ditiously as possible, and he did not have either a period
of two years or any other definite time in which to cut
and remove the timber, if he did not proceed expeditiously
and continuously from the date of the deed. *Earl* v.
*Harris,* 99 Ark. 112, followed.''

(2) Upon the authority of those two cases we must
hold that the contract in suit did not give absolutely and
at all events any definite time for the removal of the tim-
ber. The purpose of this contract was to require the
timber to be removed expeditiously, and sufficient time
for that purpose was given. This might exceed ten years,
or it might not require that length of time, but the right
to cut and remove the timber expired when a reasonable
time had been given for its expeditious removal.

The case of *Earl* v. *Harris, supra,* explains the provision in reference to the payment of taxes and need not be repeated here..

The decree of the chancellor is, therefore, reversed and the cause will be remanded with directions to set aside the decree cancelling the deed of appellant and to dismiss this cause at the cost of appellee.

HART, and KIRBY, JJ., dissent.

### ON RE-HEARING.

SMITH, J.   It is earnestly urged in the petition for rehearing that we have imposed a harsh rule upon purchasers of timber in regard to its cutting and removal. But no change whatever in the statement of the rule as to the rights and duties of such purchasers has been made, and none is intended.

A study of the evidence in this case makes it manifest that appellee construed this contract to give it ten years under any circumstances in which to remove the timber. This is the construction which it now insists should be given the language employed in the deed to the timber, and the correctness of this contention is, we think, the controlling, if not the only, question in the case.   More than six years elapsed between the date of appellee's purchase from Mrs. Heath and her conveyance to appellant, and for the last four years of that time nothing was done by appellee in the way of removing this timber.   It is true that during this time the market was not as favorable as it had previously been, nor as favorable as appellee thought it might thereafter be, but this fact can not excuse such delay as occurred here.

It is urged that, if there was a forfeiture, there was also a waiver.   The deed from Mrs. Heath to appellee contained the following paragraph:

"It is mutually agreed that should party of the first part (Mrs. Heath) desire to clear any part of the lands herein described, not to exceed 20 acres, the party of the second part shall remove the timber therefrom within six months after notice of such intention to clear."

On October 23, 1911, Mrs. Heath addressed and sent a letter to appellee to clear and remove the timber from a twenty acre tract there described, and it is urged that under the case of *Liston* v. *Chapman & Dewey Land Company*, 77 Ark. 116, this letter constituted a waiver of any prior forfeiture. But the facts in this case are very different from the facts in that case. There the vendor in the timber deed executed a subsequent deed conveying the land, in which last-named deed there was an express recognition of the first vendee's rights and an express reservation in his favor of his right to cut and remove the timber by him so purchased.

It was there held that that deed, with its recitals, constituted a waiver of any previous forfeiture. But here Mrs. Heath testified she did not know what her rights were under her contract with appellee, and it is not claimed that there was any consideration whatever for this letter. The proof shows that Mrs. Heath had made other efforts to induce appellee to cut the timber, but it remained inert. However, appellee did not act upon this letter and made no attempt to comply with its directions prior to the sale to appellant, a period of over one year. It is true the contract required appellee to clear *any* particular twenty acre tract within six months after being notified so to do, and it is true the notice was given under the contract, and had appellee proceeded to comply with this provision of the contract we would have a different question from the one now presented. Upon the contrary, appellee failed to comply with this notice and now seeks to assert a waiver founded on its own breach of the contract. We think this should not be permitted, and the petition for rehearing is, therefore, overruled.