LAWLESS *v.* CADDO RIVER LUMBER COMPANY.

Opinion delivered July 12, 1920.

1. LOGS AND LOGGING — CONSTRUCTION OF TIMBER DEEDS.—Timber deeds should be so construed that each part may take effect, and no word may be treated as surplusage if any meaning can be given to it consistent with other words and parts.

2. EVIDENCE—WRITTEN INSTRUMENT—EVIDENCE ALIUNDE.—The purpose of construction of a written instrument is to ascertain the intent of the parties; and that construction is to be made without the aid of testimony *aliunde* if the intention of the parties can be ascertained from the writing itself, and resort to other evidence is to be had only when some portion of the writing is ambiguous or in apparent conflict with other portions thereof.

3. DEEDS—CONFLICT BETWEEN GRANTING AND HABENDUM CLAUSES.— If there is an irreconcilable conflict between the granting and the habendum clauses in a deed, effect will be given to the granting, rather than the habendum, clause.

4. DEEDS—CONSTRUCTION AGAINST GRANTOR.—A deed should be most strongly construed against the grantor.

5.  DEEDS—WRITTEN AND PRINTED PROVISIONS.—Where the written and the printed provisions in a deed are inconsistent, the written provisions control.

6.  LOGS AND LOGGING—EXPEDITIOUS REMOVAL OF TIMBER.—Where a timber deed provides for removal of the timber as expeditiously as possible, and for the grantee's payment of taxes upon failure to remove the timber within a specified number of years, until removal thereof, the grantee is required to proceed with the cutting and removal of the timber expeditiously and continuously from the date of the deed, and is not entitled to the specified time in which to remove it.

7.  LOGS AND LOGGING—REMOVAL OF TIMBER—CONSTRUCTION OF DEED. Where a timber deed provided in the printed habendum clause that the grantee should remove the timber as expeditiously as possible, and on failure to remove it within twelve years should be liable for taxes until removal thereof, and providing in the written granting clause that the timber was to be removed within twelve years or revert to the grantor, the grantee was entitled to the full period of twelve years in which to remove the timber.

Appeal from Pike Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*O. A. Featherston,* for appellant.

The deeds here are such as are commonly known as "expeditious deeds," and the court erred in its findings and decree as to the time of removal of the timber and its value. 99 Ark. 112; 1 Devlin on Real Estate, p. 259, § 176; 189 S. W. 654; 178 *Id.* 304; 189 *Id.* 654; *Ib.* 185. A proper construction of these expeditious deeds entitles appellants to a reversal and a modification as to the price of the timber cut.

*McRae & Tompkins,* for appellee.

Under the principles announced in 99 Ark. 112 and subsequent cases, appellee did not have twelve years to cut and remove the timber but was required to remove it as "expeditiously as possible." The written matter in deeds controls the printed. 126 Ark. 24; 18 C. J. 258, § 206. Where two clauses in a deed are repugnant, the first shall be received and the latter rejected. 26 Ark. 128; 3 *Id.* 18-57. The provision giving appellee twelve years within which to cut and remove the timber not

only appears first in the deeds but is also a part of the granting clause. 131 Ark. 104; 82 *Id.* 209. Under the first clause in the deed, the timber is to be removed in twelve years and if not the timber reverts to the first party. Under this clause, a reversion or reverter takes place only if the timber is not removed in twelve years. A deed for standing timber is an interest in land, but the title fails or ends when the time expires and the land reverts. 106 Ark. 261; 3 *Id.* 18; 111 *Id.* 222; 27 *Id.* 525. The conduct of appellants is such that they should be held to have waived the forfeiture. 77 Ark. 119. It is clear that the intention of the parties, as decreed by the chancellor, was that appellee had the right to cut and remove the timber within twelve years from the date of the timber deeds. If the intent can not be ascertained from the instrument itself, resort can be had *dehors* the instrument to ascertain the intent of the parties. 3 Ark. 282; 103 *Id.* 425; 75 *Id.* 58.

The timber, as the proof shows, was not removed as expeditiously as possible. 118 Ark. 94. As to the stumpage cut, the evidence fully sustains the findings of the chancellor. 91 Ark. 292.

SMITH, J. Two cases were consolidated and tried together and have been brought here on one appeal, and the issues are so substantially identical that the facts may be stated as if only one case was involved.

On February 15, 1909, appellants, J. Z. and J. H. Lawless, executed to appellee, Caddo River Lumber Company, timber deeds to "all the pine timber over twelve inches in diameter" on certain lands there described. The deeds employed were printed timber deeds containing the clause concerning the expeditious cutting of the timber which has been construed by this court in a number of recent cases. That clause reads as follows:

"The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed that unless it shall have removed all the same within a period of twelve years from the date hereof, that it shall

be responsible for and pay to the first party the full amount of taxes assessed against said lands after the expiration of said period of twelve years from this date until such time as said timber is removed and said possession returned to said first party. The said second party shall have free and uninterrupted possession of said land during the term of this indenture for the purpose herein set forth, and shall have free ingress and egress thereto and therefrom, with the right to build and operate tram or railroad onto or across said land for the purpose of transporting the timber therefrom, or for transportation of timber belonging to or that may belong to said second party, and to this end shall be regarded as the holder of said land, to sue for and recover the same from all persons whatever, holding or attempting to hold the same; provided, that the said first party, its heirs or legal assigns, may retain such possession of said land, at all times, as shall not interfere with the rights of the second party under this deed for the purpose aforesaid.''

The timber in question was a portion of a large body of timber which the lumber company bought, and it is shown by the testimony that it became accessible to market only by the construction and extension of a sawmill railroad, with necessary spur tracks.

There was much testimony directed to the question whether the timber had been removed expeditiously; and while we think the decree could be affirmed upon the ground that the company had proceeded expeditiously, we are also of the opinion that the court below correctly construed the deeds as giving the company twelve years in which to remove the timber; and as the timber was cut and removed within twelve years from the date of the deed there was a finding for the company on that issue.

If the deeds in question had contained only the clause set out above, which is copied from the deeds, we would have only to follow the construction given it in the case of *Newton* v. *Warren Vehicle Stock Co.,* 116 Ark. 398, in

which we quoted from *Yelvington* v. *Short,* 111 Ark. 253, the syllabus, which reads as follows: "Where a contract for the sale and removal of timber provides that the vendee shall cut and remove the timber as expeditiously as possible, and that unless it is removed within a period of two years the vendee shall be responsible for the taxes until it is removed, the grantee is required to cut and remove the timber as expeditiously as possible, and he did not have either a period of two years or any other definite time in which to cut and remove the timber, if he did not proceed expeditiously and continuously from the date of the deed. *Earl* v. *Harris,* 99 Ark. 112, followed."

That case followed the case of *Earl* v. *Harris,* 99 Ark. 112, and has itself been followed by the cases of *Burbridge* v. *Ark. Lbr. Co.,* 118 Ark. 94; *Louis Werner Sawmill Co.* v. *Sessoms,* 120 Ark. 105; *Hampton Stave Co.* v. *Elliott,* 124 Ark. 574; and *Polzin* v. *Beene,* 126 Ark. 46.

But before the execution of these deeds there was written into the granting clause of the J. H. Lawless deed the following provision: "Said pine timber is to be moved off of said land in twelve years by said second party, and if not moved off by said time, said pine timber to fall back to said first party." And there was written into the granting clause of the J. Z. Lawless deed the following provision: "Said pine timber to be moved off of said land inside of twelve years, and if not moved off of said land by said time to fall back to said first party."

It is our duty to so construe these deeds as that each part may take effect, and no word be treated as surplusage if any meaning can be given to it that is reasonable and consistent with the other words and parts of the contract. *Earl* v. *Harris, supra.* The purpose of construction is to extract the intent of the parties; and that construction is to be made without the aid of testimony *aliunde* if the intention of the parties can be ascertained from the writing itself, and resort to other evidence is

to be had only when some portion of the writing is ambiguous or in apparent conflict with other portions thereof. *Burbridge* v. *Ark. Lbr. Co., supra.*

We think effect can be given to both clauses of the deed which are set out above. If there was an irreconcilable conflict in the meaning of these clauses, we would be required to give effect to the provision appearing in the granting clause rather than to the one appearing in the habendum clause, for such is one of the rules by which deeds are construed. Another rule of construction is that the deed should be most strongly construed against the grantor. But another rule of construction—which we think is of more importance here—is that, if inconsistent, the written provisions of a deed control the printed. *Planters' Fertilizer Co.* v. *Columbia Cotton Oil Co.,* 126 Ark. 19.

We think it was not the intention of the parties, in inserting the written clause of the deed, to entirely eliminate the expeditious clause appearing in the habendum of the deed, but to postpone its operation for a period of twelve years by providing that there should be no reversion or falling back, as the parties expressed it, until the expiration of that time. But it was certainly the intention of the parties that this written portion of the deeds should be given effect, and we think it gave twelve years in which to remove the timber, and if in giving the written portion of the deed its plain meaning and effect there arises a conflict with the printed portion thereof, then, for the reasons herein stated, effect must be still given to the written portion of the deed, whatever the effect may be on the printed parts thereof.

This timber was sold in 1909 and removed ten years later. There was then timber measuring over twelve inches which did not measure twelve inches at the time the deeds were executed. The parties, by stipulation, have agreed as to the quantity of this timber, and the company concedes that it is liable for the value of this timber upon the authority of the case of *Griffin* v. *Anderson-Tully Co.,* 91 Ark. 292.

. The testimony is conflicting as to the value of the timber, and the court fixed it at $3 per thousand, and rendered judgment accordingly. Appellant complains that the stumpage was too low; and appellee complains that it was too high. There is testimony placing the stumpage value of the timber at a higher price; and other testimony fixing it at a lower price; but without setting out this testimony we announce our conclusion that the finding of the court on this subject does not appear to be clearly against the preponderance of the testimony. Decree affirmed.