## Southern Lumber Company *v.* Hampton.

### Opinion delivered February 18, 1924.

1. **Reformation of instruments—burden of proof of fraud.—** To authorize the reformation of a deed for fraudulent representation or concealment, the fraud must be proved by evidence that is not merely preponderating, but is clear and convincing.

2. **Logs and logging—expeditious removal of timber.—** A stipulation in a timber deed to one who could have removed the timber within a year or two, that the grantee shall cut and remove it as expeditiously as possible, requires expeditious removal of the timber, though the contract further provides "that, unless it (he) shall have removed all the same within a period of 21 years from the date hereof," he shall pay the taxes assessed against the land.

Appeal from Bradley Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*Fred L. Purcell*, for appellant.

This court recognizes the principle that what was in the mind of the parties at the time the timber deed was executed will be considered in construing what is known as the "expeditious clause" of such a deed. 178 S. W. (Ark.) 304. A careful reading of appellant's testimony clearly indicates that she intended to convey the timber for a definite number of years, to-wit, 21 years; that Sharp would have to sell it to Southern Lumber Company, or one of the big companies, and that they would not take it for less than 21 years.

*B. L. Beasley,* for appellee.

For construction of timber deeds with reference to the expeditious clause, and the duty of the grantees thereunder, see 99 Ark. 112; 116 Ark. 393; 120 Ark. 105; 111 Ark. 253. The time for removing the timber under this clause must be determined by the facts and circumstances existing at the time of the purchase, and the ability and effort to remove on the part of the *original* purchaser, and not that of any subsequent grantee. 120 Ark. 105; 105 Ark. 455. The court's decree should stand, unless it is clearly against the preponderance of the evidence.

McCULLOCH, C. J. The plaintiffs, Nancy Hampton and Peter Rogers, are the owners of a tract of land in Bradley County, containing 120 acres, and on May 3, 1909, Nancy Hampton, being then the owner of the land, executed to T. J. Sharp a deed conveying to Sharp the pine timber on said land of certain maximum dimensions, $1,000 cash in hand paid being the consideration. The timber deed contained the following stipulation:

"The party of the second part shall cut and remove the timber as expeditiously as possible, and it is agreed that, unless it shall have removed all the same within a period of twenty-one years from the date hereof, he shall become responsible for and pay to the first party the full amount of taxes assessed against said land after the expiration of said period of twenty-one years from this date, until such time as said timber is removed and said possession returned to said first party."

On June 8, 1909, Sharp conveyed the timber to the defendant, Southern Lumber Company, a corporation, then, as now, being engaged in the lumber business and operating a mill in Bradley County. The timber deed from Sharp to the defendant was identical in form with the deed from Nancy Hampton to Sharp, the only difference being the amount of consideration paid. None of the timber had been cut or removed from the land, either by Sharp or the defendant, and this action was instituted by the plaintiffs against the defendant, in the chancery court of Bradley County, to cancel the timber deed as a cloud on the title, it being alleged and contended that defendant failed to expeditiously cut and remove the timber, as required by the terms of the conveyance. It is also alleged in the complaint that the execution of the deed was obtained from Nancy Hampton by fraud and misrepresentation and concealment concerning the stipulation in the deed as to the maximum time within which the timber might be cut. It is alleged that the agreement between the parties was that the timber should be removed within three years, and that it was surreptitiously written in the deed that the maximum time should be twenty-one years, and that this was concealed from Nancy Hampton when she signed the deed; that she was an ignorant colored woman, and could neither read nor write.

The case was heard upon testimony which was brought into the record, and the chancellor found in favor of the plaintiffs, and entered a decree canceling the timber deed, on the ground that the timber had not been removed in accordance with the stipulation in the conveyance. The defendant, Southern Lumber Company, has appealed.

The plaintiffs have failed to prove, to a satisfactory degree, that the deed was procured either by misrepresentation or concealment, and the cause of action in that regard must fail. The effect of the contention was to ask for a reformation of the deed on account of fraud,

and this must be proved by evidence which is not merely preponderating but which is clear and convincing. *Welch* v. *Welch,* 132 Ark. 227.

The rights of the parties must therefore be tested in accordance with the language of the timber deed.

This court has held in numerous cases that a stipulation in a timber deed identical in form and substance with the one now under consideration requires the expeditious removal of the timber, notwithstanding the maximum length of time mentioned for such removal. *Earl* v. *Harris,* 99 Ark. 112; *Yelvington* v. *Short,* 111 Ark. 253; *Newton* v. *Warren Vehicle Stock Co.,* 116 Ark. 393; *Burbridge* v. *Arkansas Lbr. Co.,* 118 Ark. 94; *Louis Werner Sawmill Co.* v. *Sessoms,* 120 Ark. 105; *Hampton Stave Co.* v. *Elliott,* 124 Ark. 574; *Polzin* v. *Beene,* 126 Ark. 46. Counsel for defendant concede that such is the settled construction of the terms of the deed in question, but invoke the rule announced in the case of *Burbridge* v. *Arkansas Lumber Co., supra,* that, in determining whether or not the purchaser under such deed has had time to expeditiously remove the timber, the fact should be taken into consideration that the purchaser was operating a mill, and owned large bodies of timber land, and was cutting and removing the timber in accordance with a settled plan of operation, and was proceeding to remove the timber as quickly as the practical operation of that plan would admit.

The evidence in the present case establishes, we think, the fact that the defendant, Southern Lumber Company, is operating its mill in accordance with settled plans which would not admit of taking this timber at an earlier period than the present time, and that, in this regard, the facts come within the decision in the Burbridge case, *supra.* But the distinction in the present case is that the plaintiff did not convey the timber to the Southern Lumber Company, and, on the other hand, conveyed it to Sharp, a single individual, who was not the owner of a mill, and whose circumstances did not

fall within the rule announced in the case just cited. In the Burbridge case we applied the same rule to the construction of timber deeds executed to individuals, but it was because of the fact that the proof showed that those conveyances were made to persons who were merely procuring them for the lumber company, and that it was understood at the time, by both parties to the conveyances, that the timber was to be removed by the lumber companies, according to their usual method of operation. The testimony in the present case fails to show that it was understood between the parties to the conveyance that the timber was to be taken by the defendant in accordance with its customary plan of operation. At least we cannot say that the testimony preponderates against the finding of the chancellor on that question. It is true that Sharp testified that, in purchasing the timber from Nancy Hampton, he stated to her that, in order for him to pay the price he was giving her for the timber, he must have a long period of time—twenty or twenty-one years—within which to remove the timber, for the reason that he would have to turn the lease over to the lumber company. In other words, his testimony was to the effect that there was an understanding that this timber was to be handled in accordance with the usual plan of operation of the Southern Lumber Company, but this testimony is disputed by the plaintiffs, and we cannot say that there is a preponderance against the finding of the chancellor. Defendant introduced another witness, Mr. Anders, who was conversant with the details of the trade between Sharp and Nancy Hampton—in fact, he states that he was interested in the purchase as a silent partner, and took the acknowledgment to the deed—and he testified as to those details, saying that there were no misrepresentations or concealment concerning the time, and, when asked the direct question whether or not Nancy Hampton was informed that the timber was to be taken over by the lumber company, he replied that the only understanding between Nancy Hampton and Sharp was that the latter was to do as he pleased with the timber.

Treating the purchase therefore as one by an individual or concern purchasing timber for general purposes, the evidence shows very plainly that the timber could have been removed at least within a year or two— perhaps in one season. The facts therefore fall, not within the doctrine announced in the Burbridge case, *supra,* but rather within the other cases cited above, and especially within the decision of this court in the case of *Polzin* v. *Beene, supra.*

Decree affirmed.

HART, J., dissents; HUMPHREYS, J., not participating.