THE FIRST NATIONAL BANK
IN LITTLE ROCK *v.* WORTHEN BANK
& TRUST COMPANY, N.A., Trustee, Patricia
Tucker BELL, Shirley Eagle MELTON
and Irma Tucker REID

CA 80-299                                    607 S.W. 2d 409
Court of Appeals of Arkansas
Opinion delivered November 19, 1980

*Friday, Eldredge & Clark*, by: *William L. Terry*, for appellant.

*Rose Law Firm,* by: *William H. Kennedy, III* and *W. Dane Clay,* for appellees.

ERNIE E. WRIGHT, Chief Judge. The issue presented by this appeal is whether a clause in a long term lease providing that the base monthly rent specified in the lease would be adjusted annually on July 15 in keeping with the Consumers Price Index (CPI) of the United States Bureau of Labor Statistics is applicable to the base rent set out in the option to renew the lease. The trial court so held, and we reverse:

Some of appellees are the original lessors and the remainder of appellees are successors of original lessors, and the appellant, First National Bank is the successor to the original lessee, the Peoples National Bank of Little Rock. The original lease on certain real estate in downtown Little Rock was for 25 years beginning August 1, 1952, and ending July 31, 1977, and provides for a base monthly rent of $900.00 for the first 10 years and $1,000.00 for the succeeding 15 years. The lease contained a clause for the annual adjustment of base rent in keeping with fluctuations of CPI.

A separate document described as, "Option to Renew Lease", was executed simultaneously by lessors and lessee giving the lessee the right to renew or extend the original lease from August 1, 1977 to July 31, 2002, at a rental of $1250.00 per month for the first 10 years of the renewal and $1,500.00 per month for the last 15 years, "subject to adjustment from time to time in accordance with fluctuations in Consumers Price Index", as provided in the original lease.

The renewal option further recited:

All of the provisions and covenants, other than the monthly rentals, of the original lease shall remain in full force and effect if the lessee exercises its option to renew said lease for the additional twenty-five year period expiring on the 31st day of July, 2002.

The appellant lessee gave written notice in September, 1969, of the exercise of its option to renew the lease and for the period from August 1, 1977 through December, 1977,

appellant paid appellee monthly rents in the amount of $2,-282.16. From January 1, 1978 through July, 1978, appellant paid monthly rent to appellees in the amount of $1,250.00 per month. Appellees contend the correct rent for the period beginning August 1, 1977 was $2,852.70 per month and was $3,072.93 per month beginning August 1, 1978. Appellees' contention is based on the argument the renewal option carried forward all CPI adjustments under the original 25 year lease.

Appellant contends the monthly rent under the renewal of the lease if controlled solely by the specific provisions with reference to monthly rental set out in the renewal option, and that the CPI adjustments under the original lease are not applicable to the renewal, but that the larger base rent stated in the renwal option is subject only to adjustment for changes in the CPI after the inception date of the renewal lease.

Appellant filed suit for declaratory judgment finding the monthly rent payable for the period beginning August 1, 1977, the beginning date for the lease renewal, is $1,250.00 per month and for the recovery of over payments alleged to have been made by oversight during the first 5 months of the lease renewal. In effect appellant asks the court to determine that the base rent adjustment provision as to the renewal lease was limited to changes in the CPI subsequent to the inception of the renewal lease. Appellant deposited in the registry of the court the difference in dispute in the rent.

Appellees filed suit for possession of the premises on grounds of alleged failure on the part of appellant to pay adjusted rent which would include the cumulative increases in the CPI from the inception of the original lease, and for judgment for additional rents appellees contend appellant owed. The two cases were consolidated and all parties thereafter moved for summary judgments.

The court entered judgment holding that the renewal of the lease under the option maintained in full all of the provisions of the original lease and that the adjustments to the base rent provided by the original lease term were includ-

able in determining the amount of rent payable under the renewal. The court rendered judgment for appellees for additional rents in keeping with appellees' contentions.

The briefs indicate the parties can arrive at an appropriate adjustment in the rent when this court on appeal resolves the issue as to the rent adjustment clauses contained in the lease and the renewal option.

The original lease and the renewal option were executed at the same time, and in the course of the same transaction, and we read and construe them together. The renewal option states, "All of the provisions and convenants, other than the monthly rentals, of the original lease shall remain in force and effect", if the lease is renewed. We hold the express exclusion of the monthly rental provisions of the original lease in the renewal option evidences an intent that the rental provisions spelled out in the renewal option are to control the amount of rent payable under the lease renewal. It is the court's responsibility to determine the intent of the parties from the language of two documents, and the construction we here indicate appears to be the most likely intent of the parties. *Gibson* v. *Pickett*, 256 Ark. 1035, 512 S.W. 2d 532 (1974).

The CPI data in the record reflects the percent increase in the CPI for the first three years of the 25 year lease to be quite small. The accumulated increase at the end of the first three years of the lease was only about one-half of one per cent. In fact the increase in the CPI during the first 9 years of the original lease was so modest appellant paid and appellees accepted as rent the base amount of only $900.00 monthly without any adjustment for changes in the CPI. Thus, it is clear that when the original lease was executed in 1952, inflation was minimal, and those circumstances support the conclusion that it was the intention of the parties in the renewal option to set out specific base monthly figures, which were higher than the base figures in the original lease, and that same would be adjusted only with the fluctuations in the CPI subsequent to the beginning date of the lease renewal. If the intention of the parties had been otherwise, the renewal option could easily have stated that the rental figures set out in

the renewal option would be subject to adjustment for flunctuations in the CPI during the term of the original lease as well as fluctuations occurring during the renewal lease. Instead of such a provision the renewal option excluded the rental payment provisions of the original lease.

The appellant and the appellees take conflicting positions as to the construction of the rental provisions in the instruments, and thus it is apparent there is some ambiguity in the renewal provisions, at least insofar as the parties are concerned. The general rule is that a lease is ordinarily to be construed more strongly against the lessor in favor of the lesesee in case of ambiguity. 49 Am. Jur. 2d, Landford and Tenant § 143. This is in accord with the rule announced in *Lawless* v. *Caddo River Lumber Co.*, 145 Ark. 132, 223 S.W. 395 (1920) and *Marshall* v. *Marshall*, 227 Ark. 582, 300 S.W. 2d 933 (1957), that a deed should be most strongly construed against the grantor. A lease operates to convey a particular estate in lands for life or for a term of years, and is therefore in the nature of a limited deed. By analogy we hold that the above mentioned rule of construction applicable to deeds is also applicable to leases.

Appellees urge that appellant's conduct with reference to the lease payments is evidence of its interpretation of the lease in keeping with the contention of appellees, and that this is a circumstance to be considered by the court in construing the instruments. Some conduct of each of the respective parties is inconsistent with the present contentions of the parties as to the amount of rent to be paid. Under the original lease for some nine years appellant paid only the base rent and appellees accepted same whereas, clearly the lease called for adjustments in keeping with fluctuations in the CPI. For the first five months under the renewal lease appellant paid monthly rent which appellant now contends was too high and was paid by oversight; and appellees claim the rent paid was too low.

The trial court found neither party was estopped or had waived any rights under the contract and this is not an issue on appeal. We have considered the past conduct of the parties with reference to the lease and renewal and find that the conduct of each has varied from present contentions of each,

and the conduct of the parties does not supply any substantial evidence to aid in determining the intent of the parties at the time the documents were executed.

We conclude the trial court clearly erred in holding the option for renewal of the lease provides for monthly rental payments to be adjusted by the changes in the CPI since 1952, the inception date of the original lease. The court should have construed the renewal option as providing for the specifically stated monthly base rental subject only to adjustments in the CPI subsequent to August 1, 1977.

The judgment, including the money judgment, in favor of appellees is reversed and remanded for further proceedings consistent with this opinion.

HAYS, J., not participating.