## SEAWELL v. HENRY.

1. When bank notes are offered in payment, and no objection is made *on that account,* it is a good tender ; and this although the Bank is in a suspended state; for by the conduct of the party, his adversary is lulled into security, when if objection had been made for that reason, specie would have been demanded.

2. The bill of exceptions is prepared by the party excepting, and need only state so much of the case as is necessary to show error; therefore, when error is shown, a reversal will not be withheld, because in another aspect of the case, the error complained of would be immaterial.

WRIT of Error to the Circuit Court of Mobile county.

Action of detinue, by Henry, to recover a slave from Seawell.

At the trial, upon the general issue, Henry gave in evidence a writing, with Seawell's signature, in these words : " Received, Mobile, 5th July, 1841, of George G. Henry, two hundred and fifty dollars, in full, for a negro man named Tom, aged about 24 years ; which negro I warrant a slave for life—the title to defend against the claims of all persons, and I believe free from any disease. Witness, Joel A. Roberts."

It was also in proof that the slave was delivered to the plaintiff, and remained with him until the latter part of October, when he was hired to a steam-boat, from which he runaway. There was also evidence tending to prove that, afterwards, about the last of November, the slave came into the defendant's possession, and was demanded by the plaintiff before suit brought.

The defendant then gave in evidence a writing in these terms:

" Mobile, July 5th, 1841. I have this day witnessed an agreement between Mr. K. B. Seawell and Mr. George G. Henry, in which it is understood the latter will sell to the former a cer-

Scawell v. Henry.

tain man named Tom, aged about 24 years, for 250 dollars, if applied for on the 1st day of January next.

JOEL A. ROBERTS."

And proved by said Roberts that this last instrument was in the proper hand-writing of Henry ; that it was signed by Roberts at his request, and made and delivered, at the same time as the first writing, to Henry, and was a part of the same transaction. Henry insisted on a clear title, and the bill of sale was so given. The defendant also proved that Roberts was then, and at the time of the trial, the principal clerk of Henry, attending to his general business, selling goods, collecting money, and was the only person in Mobile who attended to Henry's business, when the latter was absent from the city. Also, that on the 1st day of January, 1842, Scawell put 250 dollars in the hands of one Douglass, to be paid to Henry for the slave Tom, in pursuance of the contract, and that Douglass, in the last business hour of that day, went with the money, to Henry's store, to pay him, but found no one there; that he then immediately went with Seawell to the house of Roberts, and produced and tendered the $250 to him, as Henry's agent. Roberts acknowledged the tender, and made no objections to the money, but declined receiving it, saying, he preferred it should remain in Douglass' hands until Henry's return. Henry was then absent from the city; the money remained with Douglass until the Monday following, when he called on Henry, who had returned in the meantime, and produced and offered to pay him the 250 dollars, for the slave Tom, on Seawell's behalf. Henry refused to receive it. The money was in Alabama State Bank bills, but no objection was made to it, on any account, either by Henry or his clerk.

On this state of proof, the court charged the jury, that if they believed the sale was a conditional one, that, in law, was a mortgage, and the defendant had a right to redeem—that payment would have to be made on the 1st day of January, 1842, and that a legal tender of money, by the defendant, on that day, would be equivalent to the payment or satisfaction of the mortgage ; and that the plaintiff being absent, a legal tender, at his place of business, or to his authorised agent, on that day, was sufficient. On the motion of the plaintiff, the court further

charged the jury, that a tender, to be legal, must be made in gold or silver, the legal currency of the country. The defendant excepted to this, and requested the court to charge, that a tender, in current bank bills, was a legal tender, if not objected to, on that account. This was refused ; and the jury instructed, that a tender, on the day, at the plaintiff's place of business, or to his clerk, during his absence, to be legal, must be in gold or silver, and the production of such current bank bills, at such place of business, in plaintiff's absence, would not be sufficient. To this also, the defendant excepted ; and now assigns the several matters as error.

SEAWELL, for the plaintiff in error, made the following points:

1. A tender in current bank bills is a legal tender, if not objected to on that account. [Miller v. Race, 1 Burr. 457; Wright v. Read, 3 Term R. 554 ; Brown v. Saul, 4 Esp. 267 ; Holland v. Phillips, 6 ib. 46 ; Snow v. Perry, 9 Pick. 542 ; Bell v. Stanly, 5 Yerg. 199 ; Croley v. Weeks, 10 ib. 142; Bank U. S. v. Bank of Georgia, 10 Wheat. 333 ; Hoyt v. Byrnes; 2 Fairf. 478 ; Alexander v. Brown, 1 C. & P. 288 ; Polglaze v. Oliver, 2 Tyr. 92 ; Williams v. Roser, 7 Mass. 556.]

2. A tender, to an authorised agent, is a tender to the principal. [Woodland v. Blewett, 1 Camp. 477; Anon. 1 Esp. 348; Moffat v. Parsons, 5 Taunt. 307; Wilnub v. Smith, 3 C. & P. 453 ; Jackson v. Crafts, 18 Johns. 114 ; Paley on Agency, 219.]

3. The tender of the money re-invested the title, without any conveyance. [Deshazo v. Lewis, 5 S. & P. 91 ; Hammond v. Hicks, 1 Porter, 421 ; Sims v. Canfield, 2 Ala. Rep. N. S. 555 ; 2 Coke's Litt. 343, n. 2 ; 38, 207, 209 ; Bacon's Ab. Tender, F, 13 ; Coote on Mortgages, 13 to18; Kemble v. Wallis, 10 Wend. 374 ; Hepburn v. Auld, 1 Cranch, 321 ; Jackson v. Crafts, 18 Johns. 110 ; Bell v. Stanly, 5 Yerg. 199 ; Corley v. Weeks, 10 ib. 142 : Edwards v. Farmer's Ins. Co. 21 Wend. 467.]

CAMPBELL, contra, insisted that there was nothing like a mortgage here ; there was no debt between the parties, and therefore, there could be no security for one. The charge of the court, that there was a mortgage, was a clear mistake ;

and the subsequent proceedings, if erroneous, ought not to affect the plaintiff, as the defendant cannot succeed on the title shewn.

The agreement by Henry was a mere contract to sell, and its breach did not confer a right of property.

The tender made was of bank bills on a bank in a state of suspension, which is not good. [Chitty on Con. 307.]

GOLDTHWAITE, J.—1. We think it very clear that the Circuit Court mistook the law, with respect to the effect of the tender of bank paper in this case. The rule is, when bank notes are offered in payment, and no objection is made *on that account*, the offer is a good tender. [Wright v. Reed, 3 Term Rep. 554 ;] and the reason is, because bank notes generally pass as cash. [Miller v. Race, 1 Burr. 452.] It is said, however, that here the notes offered were those of a bank which had suspended specie payments, and therefore, the reason fails. This fact does not appear in the case, but if it did, we apprehend it would not change the rule, for an additional reason : to hold such a tender good, grows out of the circumstance, that when no objection is made, the party making the tender is lulled into security, when if objection was made, he could, in most cases, readily obviate it, by procuring specie.

2. It is objected, that the judgment ought not to be reversed, for this error, because the court mistook the turning point of the case, which was, that there was in fact no mortgage here ; there being no debt, there could be no security. It is a sufficient answer to this, to say, that we cannot know precisely how the fact was in the court below ; the defendant tenders his bill of exceptions, and as the court ruled it to be a mortgage transaction, it was not necessary for him to show the proof which made it such. The court held it to be a mortgage, and the proof probably made it such ; we cannot therefore look to the case, on the facts stated, and presume nothing more was before the jury, because the party excepting is not bound to state his whole case, but only so much as shows the error complained of. We may remark, however, that on the facts stated, we might feel inclined to consider the sale as a mortgage security; how it would be, if a distinct agreement was shown that it was

an absolute sale, and that, in case of the death of the slave, no debt survived, is a question not presented, and need not be determined now.

We feel constrained to consider the case as it was considered in the court below, for the purpose of sending it back, that the parties may have an opportunity to present the case distinctly, on what is said to be the principal question.

Judgment reversed, and cause remanded.