ANDERSON, C. J., and MAYFIELD, SAYRE. SOMERVILLE, and GARDNER, JJ., concur. McCLELLAN, J., dissents.

## May v. Findley.

### Bill to Redeem from Mortgage Sale.

(Decided November 7, 1914.  66 South. 463.)

1. *Mortgages; Redemption; Sufficiency of Tender.*—Where a mistake of $100 was made in, a note given as part consideration for the purchase of land, the purchaser who executed the mortgage to the vendor, and who desired to redeem, was only required to tender the amount which was due, and for which the note and mortgage should have been given.

2. *Tender; Objection; Waiver.*—Where a tender of money in discharge of a mortgage on land was rejected on the sole ground that it was less than the amount claimed to be due, there was a waiver as to the kind of money tendered.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. I. Findley against J. A. May, to redeem land from mortgage and for general relief. Decree for complainant, and respondent appeals. Affirmed.

The case made by the bill is that Findley bought from J. R. May certain land, agreeing to pay therefor the sum of $1,000, $200 of which was to be paid in cash and $450 paid by delivery to May of six horses belonging to Findley, and a note and mortgage for $350, bearing 12 per cent. interest, for the balance of the purchase price. After the execution of the mortgage J. R. May sold and transferred the note and mortgage executed by Findley to secure the purchase price on this land, and still later J. A. May bought and had

[May v. Findley.]

transferred to him a note and mortgage executed by J. R. May to the Dothan National Bank. May insists that the balance of the purchase price was $450, with interest, while Findley insists that it was only $350, with interest, and in pursuance of his contention, he tendered to May $420 as the full amount due and necessary to redeem under both mortgages, and upon May's refusal to accept he tendered May $220 as the full amount due on the mortgage from J. R. May to the Dothan National Bank. These tenders were made in national bank notes, but were refused on the ground that they were not sufficient. Findley then filed his bill and paid the money into court.

ALBERT E. PACE, for appellant.

BYRD G. FARMER, for appellee.

ANDERSON, C. J.—We think that the weight of the evidence supports the complainant's contention that a mistake of $100 was made in the note given to J. R. May as a part of the consideration for the land purchase, and as J. A. May stands in the shoes of the mortgagee, J. R. May, no claim of bona fine purchaser being presented, the complainant had to tender only the amount that was due and for which the note and mortgage should have been given, and not the sum for which they were erroneously given.

It appears that the tender was made in bank notes, and which may not have been a legal tender if rejected on this ground, but it is evident from the evidence that it was rejected upon the sole ground that it was less than the amount claimed to be due, and this operated as a waiver as to the kind of money that was offered. —38 Cyc. 140; *Seawell v. Henry,* 6 Ala. 226.

[Colvin v. Ward, et al.]

The decree of the chancery court is affirmed.
Affirmed.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ.,
concur.