(119 So. 663)
### W. T. SMITH LUMBER CO. v. WALLER et al. (3 Div. 861.)

Supreme Court of Alabama. Jan. 17, 1929.

ANDERSON, C. J. The appellant bought the standing timber on certain lands described in a deed from J. M. Waller and wife. The deed provides that the timber was to be cut and removed from the land within seven years from January 1, 1920, with the further provision that "the W. T. Smith Lumber Company may extend the time for cutting the above timber by paying thirty cents per acre per year on timbered land to the undersigned."

The timber was not cut and removed within the seven-year period fixed by the deed; so the question arises: Was there a legal extension, under the terms of the deed, of the right to cut and remove the timber after the expiration of said seven years?

██ It has been settled by this court, in dealing with clauses similar to the one here involved, that the right to extend must be exercised during the life of the first period; that is, before the expiration of the seven years. Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427. This record affirmatively shows that the option to extend was not legally exercised by the appellant within the seven-year period; but appellant contends that it had an excuse, which should be recognized by a court of equity, against forfeiture. It is suggested that the demand and tender could only be made to the personal representative of the grantor who died in 1925, and no administrator was appointed until after the expiration of the seven years, and that the option to extend was served on the administrator shortly after his appointment.

As to whether the demand and tender should have been upon the personal representative, upon the theory that there was an equitable conversion of the trees into personalty, or should have been made on the heirs as holders of the legal title to the land, we need not decide. There was no sufficient demand and tender made on the heirs within the seven years, and who could and should have been ascertained upon the death of the father, the grantor, September 13, 1925, over a year before the expiration of the seven-year period. On the other hand, should the demand and tender have been made upon the personal representative, the appellant has not shown proper diligence in this respect, as it could and should have taken steps to have an administrator appointed upon default of those first entitled to administer. Subdivision 4 of section 5742 of the Code of 1923.

██ We are next requested to determine the status of the title to the timber, notwithstanding the loss of the appellant of the right, under the conveyance, to cut and remove same from the land. Under the former deci-

Powell & Hamilton, of Greenville, for appellees.

sions of this court, construing timber deeds of· this character, the title to the timber remained in the vendee, notwithstanding he had no right to enter upon the land and remove same after the expiration of the time limit, which said decisions are based, upon Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, and the appellant here would have the legal title to the timber. But in the first place the Daffin Case, supra, as well as subsequent decisions of this court following same, are not in line with the weight of authority, and resulted in the anomalous condition of holding that the vendee was the legal owner of the timber, but had no right to enjoy the benefit of same without invading the rights of the vendor and subjecting himself to damage suits. So the Legislature, by the act of 1919, now section 6959 of the Code of 1923, provided that the title to the timber not cut and removed from the land within the time limit, as fixed by the deed, or within 10 years when the time limit was not so fixed, shall revert to the grantor.

It is no doubt correct that the Daffin Case, supra, and the decisions following same, should be regarded as a rule of property as to all conveyances made prior to the act of 1919, now sections 6956–6959 of the Code of 1923. The present conveyance, however, was made subsequent to said act, and must be governed thereby. Nor are we persuaded that the Legislature exceeded its power or violated any constitutional provision in the enactment of the aforementioned statute. It is analogous to our statute of uses and trusts, abolishing or changing the rule in Shelley's Case, and limiting· or fixing the period for which lands may be leased, and which has been a part of our statutory system for a half century or longer. ʹ

The decree of the circuit court is affirmed. Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.