(121 So. 532)

ALLISON et al. v. FOREHAND. (2 Div. 935.)

Supreme Court of Alabama. April 4, 1929.

---

[1] 218 Ala. 412.

[2] 218 Ala. 453.

Thos. F. Seale, of Livingston, for appellants.

172

Patton & Patton, of Carrollton, for appellee.

BROWN, J. (after stating the facts as above). In dealing with deeds granting timber rights, limiting the time within which the timber may be removed, and providing for extension of the time for removal of the timber, it is settled here that a demand for extension accompanied by sufficient tender must be made during the existence of the first period. W. .T. Smith Lumber Co. v. Kate C. Waller et al., 218 Ala. 546, 119 So. 663; Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427.

Appellants, however, insist that appellee's absence from the state is a good excuse for not making the tender at an earlier date and within the. life of the original grant; and that a tender within a reasonable time after the expiration of the first five years should be treated as sufficient.

While the absence of the party to whom tender is to be made from the state may be recognized as an excuse for failure to make a tender in person, and authorize a tender through the mails, or by filing a bill accompanied by tender and the payment of the money into court, it cannot excuse a tender within the life of the first grant, where, as here, time is of the essence of the contract. Murphy v. Schuster Springs Lumber Co., supra; Beebe v. Buxton, 99 Ala. 117, 12 So. 567; Beatty v. Brown, 101 Ala. 695, 14 So. 368; W. T. Smith Lumber Co. v. Waller, supra.

We do not mean to hold that if the tender had been timely it was sufficient. The stipu-lation in the contract is that the extension will be granted *"at and for the price of fifty dollars a year for a term of five years* from the expiration of the contract as above mentioned." In this respect the stipulation is different from that considered in Murphy v. Schuster Springs Lumber Company, supra. There the stipulations were: "Said timber to be cut and removed from said lands within five years from the date of this conveyance, with the option and privilege of extending this contract for *not exceeding three years* from the expiration hereof on lands upon which timber has not been cut, by the payment to the undersigned grantors, by the W. T. Smith Lumber Company, the sum of fifty cents per acre per year *for the time said extension is desired."* Murphy v. Schuster Springs Lumber Co., 215 Ala. 414, 111 So. 427; Roquemore & Hall v. Mitchell Bros. et al., 167 Ala. 475, 52 So. 423, 140 Am. St. Rep. 52.

The decree of the circuit court is free from error and is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.