(131 So. 887)

### RUSSELL et al. v. TAYLOR.

### 2 Div. 966.

Supreme Court of Alabama.

Dec. 4, 1930.

Rehearing Denied Jan. 29, 1931.

J. C. Locke, of Marion, and Locke & Moore, of Centerville, for appellants.

Clifton C. Johnston, of Marion, for appellee.

THOMAS, J.

The bill sought a construction of a conveyance of timber and injunctive relief preventing interference with complainant's agents acting for them as to said subject-matter.

The conveyance of date of February 19, 1919, contained the following provision, inserted after granting and descriptive clauses:

"To have and to hold unto the party of the second part his heirs and assigns, together with the rights of engress, egress and regress from, on, over and across said land or any part thereof, and the rights to place, construct, use and operate thereon all such rights of way, dirt roads, tram ways, railroads, mills, machinery, buildings, or other structures, as may be necessary or convenient for the purpose of cutting, removing or manufacturing said timber or the timber on any other lands and the right at any time to remove any and all of said mills, buildings,

structures and property from said land and *all of said rights herein granted shall continue for a period of ten years from this date and at the end of that time all rights hereunder shall cease and all timber not removed from said land shall revert and become the property of the grantors,* provided that all of such rights shall be exercised so as not to interfere more than is necessary with the tillable land or occupants of said land provided further that the parties of the first part reserve for themselves and tenants and assigns two board trees to be selected by them and also such unmerchantable trees and timber as may be necessary or proper for firewood and for ordinary farm use. *If all said timber is not cut by the end of the time herein limited the party of the second part his heirs or assigns may have an extension of five years additional but such extension shall only apply to that portion of said land on which the timber remains uncut.*" (Italics supplied.)

■ In the construction of deeds, the manifest intention of the parties, gathered from the whole instrument, if consistent with law, will be ascertained and effectuated, and to that end, where a deed admits of two constructions, that favorable to its validity and that most favorable to the grantee will be adopted. Dinkins v. Latham, 154 Ala. 99, 45 So. 60; Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574; Turk v. Turk, 206 Ala. 312, 89 So. 457; Reichert v. Jerome H. Sheip, Inc., 206 Ala. 648, 91 So. 618; Long v. Holden, 216 Ala. 81, 112 So. 444, 52 A. L. R. 536. The contract covers the case; the recent statutes have no application. Code, § 6956 et seq.

■ The intent and legal effect of the conveyance before us was of the conveyance of the timber and rights incident to cutting, manufacture into lumber, and removal without condition attached to the right within the time limit specifically stated. It merely provided that, if the timber is not all cut within the ten-year period, the right of extension accrues under the conveyance and its original consideration for the additional time of five years, without, the imposition of any other or further duty upon said grantee as a condition to the exercise of that right as to the uncut lands and timber. This right the grantee was attempting to exercise when interrupted by the grantor. He was not required to pay other consideration or give other notice of his intention to proceed as to such subject-matter within the five-year period here pertinent.

This conveyance and case are different from that of Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427, in that there was a provision in the latter contract for the payment of an additional consideration—fifty cents per acre; the court held that this provision for extension of contract required payment of fifty cents per acre per year before expiration of the initial period by that grantee.

The case of W. T. Smith Lumber Co. v. Waller, 218 Ala. 546, 119 So. 663, rested upon the extension of time to be had "by paying thirty cents per acre per year on timbered land to the undersigned" before expiration of time of the original grant.

In Allison v. Forehand, 219 Ala. 170, 121 So. 532, 533, the provision of the contract was that, should the grantee, his heirs or assigns, "*desire* an extension of the time in which to cut and remove the same [timber] that same *will be granted to him at and for* the price of fifty dollars a year, *for the term of five years* from the expiration of this contract as above mentioned." (Italics supplied.) In that case was pointed out the difference between the contract in question and that in Murphy v. Schuster Springs Lumber Co., supra, held tender required during the life of the first grant.

The case of Stark & Oldham Bros. Lumber Co. v. Burford, 215 Ala. 68, 109 So. 148, also showed the agreement to pay fifty cents per acre per year for the time desired after the expiration of the original period.

In each of the foregoing contracts, there were required active duties and payment of sums as conditions precedent to the exercise and on which the extended rights provided for in the deed depended. Here there was no such condition appended to the original grant or attached to the right of exercise as to lands on which the timber remained uncut—that right of extension accrued under and as a part of the original contract. He was proceeding so to cut when his agents were interrupted by respondents.

Counsel for appellants contend that, if the extension is effective without any further action on the part of the grantee, it would be the same as if fifteen years had been granted in the first place, and there would be no field of operation for the later clause. This is not the case—a clear field of operation exists for both provisions. The ten-year term was absolute, and no rights could be claimed in the land by the grantors which would interfere with any of the rights granted, even though the greater part of the timber might be cut in the first few years. There remained the right of ingress and egress, rights of way, mill rights, etc., for ten years, though the timber may be cut from the lands. At the end of the ten-year period, all rights ceased in that part of the land on which the timber had been cut. The extended rights only applied under the original contract and grant to that part of the land on which the timber remained uncut. As to all the other land, it might be cultivated, pastured, or put to any other use the grantor desired. This

is reasonable and the common sense view of the parties—the intention of the parties. The appellants are not injured by failure to receive notice of the intention to cut the timber after the ten-year period had expired. They knew the timber was not cut; they knew the terms of the grant contained the right to cut it in the next five years without further compensation; not as the contract requirements in cases indicated above. Grantors had no right to claim any interest in the lands until that time had expired. These facts could be clearly ascertained by reference to the express terms of the deed, and no purpose could be served by further notice; and it was not required by a reasonable construction of the original contract and its moving consideration.

The trial court properly overruled demurrers to the bill, and that judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.