32 So.2d 36

McGOWIN et al. v. COBB et al.

3 Div. 470.

Supreme Court of Alabama.

July 31, 1947.

Rehearing Denied Oct. 16, 1947.

Calvin Poole, of Greenville, and B. E. Jones, of Evergreen, for appellants.

C. L. Hybart and R. L. Jones, both of Monroeville, for appellees.

STAKELY, Justice.

This is an appeal from the decree of an equity court sustaining the demurrer to the bill of complaint. The question in the case is whether the grantee in a timber deed has exercised the privilege contained in the deed, granting additional time for cutting and removal of the timber.

The allegations of the bill show the following: On February 13, 1943, the respondents (appellees) for a consideration of $3000 sold to W. M. McGowin Lumber Company, Inc., a corporation, "all trees, timber 8 inches at stump at the time of cutting" located on approximately 410 acres of land in Conecuh County, Alabama. Complainants W. M. McGowin, Willis B. McGowin and J. R. Bennett, partners doing business under the firm name of W. M. McGowin Lumber Company (appellant), are the successors in title of W. M. McGowin Lumber Company, Inc., and are the owners of all rights conveyed in the timber deed. The deed, a copy of which was attached to the bill and made a part thereof, gave the grantee therein the right to cut and remove timber for 3 years from its date. In addition thereto it contained the following clause: "With the privilege of extending for two more years by paying 6% on the value of the

uncut timber that is there at the end of three years."

The following is quoted from the bill:

"Complainants aver that it was the intention of the parties at the time of the execution and delivery and acceptance of the timber deed, as recited above, that all timber measuring eight inches in diameter and upward at the stump at the time of cutting was conveyed by said deed, and that the Grantee in said deed, and the successors and assigns of such Grantee, might extend the period for the cutting and removal of the said timber from year to year, for a period of two years, by paying to the Respondent, Ralph W. Cobb, 6% on the value of that portion of the timber that remained uncut at the end of said three-year-period, said value to be based on the original purchase price of Three Thousand Dollars ($3,000)."

None of the timber was cut during the three year period. On January 12, 1946, or 30 days prior to the expiration of the three year period, complainants delivered to the respondent Ralph W. Cobb, who was the actual owner of the timber, a check for $180 for the purpose of paying for the privilege of extension for one year. The check was accepted by him. It was drawn on the First National Bank of Greenville. Then and at all times since there has been on deposit in the bank funds ample to take care of the check.

At the time the check was delivered to Ralph W. Cobb, he was told that the check represented the payment for an extension of one year provided in the deed. He accepted the check with knowledge of the purpose for which it was delivered and led complainants to believe that the extension would be granted. Early in March, 1946, the check not having cleared through the bank, complainants asked him why he had not cashed the check. He inquired whether the check was not good for 90 days and stated that he would go to the Bank of Pineapple and cash the check in a few days. Complainants aver "that they were lulled into a sense of security by the conduct of the said Ralph W. Cobb, in accepting and retaining said check as aforesaid and made no further effort to secure an extension and that after February 13, 1946, the expiration date of the three year period provided in said deed," the respondents have declined and refused to execute an extension agreement as provided in the deed and have refused to permit complainants to cut and remove the timber. The bill further shows that the check is still retained by Ralph W. Cobb and is still good if presented for payment, that the complainants are ready, willing and able to comply with the contract and pay the aforesaid amount or any other amount the court may decree and accordingly submit themselves to the jurisdiction of the court.

■ Under the decisions of this court in dealing with clauses similar to the one now before the court, it is settled that the right to extend must be exercised during the life of the first period, that is before the expiration of the three years. Murphy v. Schuster Springs Lumber Co., 215 Ala. 412, 111 So. 427; W. T. Smith Lumber Co. v. Waller, 218 Ala. 546, 119 So. 663; Allison et al. v. Forehand, 219 Ala. 170, 121 So. 532. And the acceptance of the right to extend must be unqualified and unconditional, unequivocal and according to the terms of the contract. Linn v. McLean, 60 Ala. 360; 66 C.J. p. 498.

Without question complainants sought to exercise the right to an extension before the expiration of the three years which constituted the first period. And no point is made on the fact that the tender was made by check and not in lawful currency. Gaunt v. Alabama Oil & Gas Co., 8 Cir., 281 F. 653, 23 A.L.R. p. 1279; 62 C.J. p. 669. This leaves for consideration only the question of the amount required to be tendered.

■ Since a copy of the deed containing the extension clause is attached to the bill as an exhibit and is made a part thereof, its language will control the averments of the bill. Lunsford v. Marx, 214 Ala. 37, 106 So. 336. According to the document no exact amount which must be paid for the extension, is stipulated. On the contrary the contract attempts to set up a formula by which the amount can be ascertained.

There is much discussion in briefs as to how the amount to be tendered should be

computed. The appellees contend that the contract is certain and the intention of the parties must accordingly be determined from its four corners. On the other hand appellants insist that the contract is not certain and extraneous circumstances can be looked to as an aid to construction. It does not seem to us that this is exactly the way to solve the problem. We do not have a situation where the owner refused to accept the check, with the consequent need of determining whether the check was for the proper amount and so complied with the contract. On the contrary he accepted the check and led complainants to believe that the extension would be granted. That is not all. He kept the check. Neither by word or action did he indicate that the tender was not in order until after 30 days had gone by and the first period had expired. Even after that time he said that he would cash the check.

In a situation similar in principle this court in Equitable Life Assur. Soc. of the United States v. Brandt, 240 Ala. 260 (272), 198 So. 595, 605, 134 A.L.R. 555, said:

" * * * When one tenders an amount as a payment, the intent of the payee to accept it as such must be inferred from his conduct with respect to it made manifest to the payor. If it is to be held for investigation, or pending the doing of something else, he should notify the payor at once. If he retains it without expressing any dissent or condition, it will be considered after a reasonable time to have been accepted as tendered. When that status once occurs it cannot be altered except by mutual consent."

But it is argued that the bill shows the method used by complainants in computing the amount of the check and that such method is wrong. In other words, no timber having been cut, it is claimed that the amount of the check should be 6 per cent of the reasonable value of the timber at the end of the three years and not 6 per cent on a valuation based on the original purchase price. And furthermore it is contended that even if the amount of the tender should be 6 per cent on a valuation of $3000, the original purchase price, the check should have been for $360, the interest for two years rather than $180, the interest for one year. We do not need to decide these matters. All of this seems to us to be immaterial in the light of the facts that the owner accepted and kept the check under the circumstances without objection of any kind until after the three year period had expired and led complainants to believe the extension would be granted. We think that the owner by acquiescing in complainants' construction of the contract is bound under the circumstances by way of estoppel. Corona Coal Co. v. Hendon, 214 Ala. 139, 106 So. 855. And if this should be more than a modified manner of performing the original contract which complied with the Statute of Frauds (Rudder v. Trice, 236 Ala. 234, 182 So. 22), and results in effect in a modified agreement, under the doctrine of equitable estoppel the Statute of Frauds is not infringed. Warner v. Warner, 248 Ala. 556, 28 So.2d 701; Weil v. Hill, 193 Ala. 407, 69 So. 438; Alabama Great Southern R. Co. v. South & N. A. R. Co., 84 Ala. 570, 3 So. 286, 5 Am.St.Rep. 401; Franklin v. Pollard Mill Co., 88 Ala. 318, 6 So. 685.

Taking the allegations of the bill as true, which we must on demurrer, we conclude that the complainants have stated a case for extension under the timber deed in question.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.