156 So.2d 726

**James W. DUNLAP et al.**

v.

**W. O. THRASH et al.**

**5 Div. 780.**

Supreme Court of Alabama.

Sept. 26, 1963.

———◆———

Gerald & Bowers, Clanton, for appellants.

A. B. Foshee, Clanton, for appellees.

HARWOOD, Justice.

This is an appeal from a decree settling a boundary line.

One of the complainants, J. M. Dunlap, owned eight acres of land in Chilton County. On the east it was bounded by Temple road, which runs in a straight line north and south. The west line of the property is a ditch which runs in an irregular direction, but in general, north and south.

In 1955, Mr. Dunlap subdivided the eight acres into eight lots. Lots 1, 4, 5, 6, 7, and 8 front on Temple road. Lot 5, the lot in question, fronts on the east on Temple road 160 feet and runs westerly 421 feet, then generally south by west down the ditch 164 feet, then east 459 feet to Temple road. The plat bears the legend, "Measurements of Lots 1, 4, 5, 6, 7, and 8 to center of road." (That is, to the center of Temple road.)

This plat was recorded in the probate office of Chilton County. It is defective in several respects in that it was not certified by the surveyor, and acknowledged as deeds are acknowledged. It was not signed or acknowledged by the owner, J. M. Dunlap, nor was it tied to a government survey, all of which are required by the statute embodied in Sections 12–14, Title 56, Code of Alabama 1940. Also, the width of Temple road is not shown on the plat.

Thereafter J. M. Dunlap sold all of Lot 5 to his son, James W. Dunlap.

On 16 March 1957, James and his wife conveyed a portion of Lot 5 to the respondents, Mr. and Mrs. W. O. Thrash. The description of the land conveyed in this deed is as follows:

"All that portion of Lot No. 5 of the Jim Dunlap Subdivision, as recorded in Book No. 3, page 66, in the office of the Judge of Probate of Chilton County, Alabama, and that extends West from Temple Road for a distance of 200 feet, the portion of the lot herein conveyed lying and adjoining the Temple Road and along said road for a distance of 160 feet, and the depth of said lot estending (sic) West from said road 200 feet, and said property having located thereon a 5-room frame dwelling house, in Chilton County, Alabama and being the East 200 feet of said lot."

After purchasing the lot, Mr. Thrash employed Mr. Samuel D. Brown, a qualified engineer and land surveyor, to establish the the boundaries of his lot, telling Mr. Brown to measure the north and south boundaries 200 feet from the edge of Temple road.

Mr. Brown is the same engineer who had prepared the plat for Mr. Dunlap, and at the time he had measured the north and south boundaries from the center of Temple road.

After Mr. Brown had surveyed the lot as directed by Mr. Thrash, and marked the boundaries, he was again employed by Mr. Dunlap to survey the lot, starting the north and south boundaries from points in the center of Temple road. Mr. Brown made this survey and marked the lot accordingly.

Mr. Brown testified that if the survey is begun on the edge of Temple road it will run west some 13 feet more than when the survey is begun from the center of the road. It is this 13 foot strip that is in dispute.

Mr. Dunlap, the father, still owns Lot 4, adjoining Lot 5 on the north. There was also a dispute between Mr. Dunlap and the Thrashes as to this boundary, but since it involved only several inches, this portion of the controversy seems to have been abandoned in this appeal.

Mr. Dunlap, after Mr. Brown's survey for him, erected a fence according to the lines established. After Brown's survey for the Dunlaps, Mr. Thrash tore down these fences. These events naturally made this lawsuit highly probable.

After hearing below, the court entered a decree fixing the east boundary of the lot conveyed to the Thrashes along the west edge of Temple road for 160 feet, and extending west for 200 feet. In other words, the edge of the road was taken as a starting point rather than the center of the road in determining the north and south boundary lines. The court also fixed the boundary line between Lots 4 and 5, but, as before stated, this part of the decree is not now argued in this appeal.

In the deed the land surveyed is described as:

"All that portion of Lot 5 * * * and that *extends West from* Temple Road for a distance of 200 feet, the portion of the lot herein conveyed *lying and adjoining* the Temple Road and

*along* said road for a distance of 160 feet, and the depth of said lot estending (sic) West *from* said road 200 feet * * * and being the East 200 feet of said lot." (Emphasis ours.)

"Adjoin" means to be contiguous to; to be in contact with; to abut upon. State ex rel. Boynton v. Bunton, 141 Kan. 103, 40 P. 2d 326. Therefore land lying and adjoining a road must be deemed land abutting a road.

Under the first and major part of the description the lot conveyed, clearly and without ambiguity, extended west 200 feet *from* and *adjoining* Temple road, and *along* said road for a distance of 160 feet. This cannot be read to place the eastern boundary of the lot in the center of Temple road unless the word "adjoining" be ignored. Ambiguity creeps into the description only from the concluding phrase of the description, "and being the East 200 feet of said lot."

In its decree the court set forth the following legal principles as necessitating its conclusion: "Deeds of bargain and sale for a valuable consideration are to be construed most strongly against the grantor * * *." Nettles v. Lichtman, 228 Ala. 52, 152 So. 450, 91 A.L.R. 1455, and "where a deed admits of two constructions, that favorable to its validity and that most favorable to the grantee will be adopted," Russell v. Taylor, 222 Ala. 312, 131 So. 887, and "in the construction of deeds, if there are two clauses which are inconsistent and irreconcilable with the other, the last must give way to the first." Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35.

We think the court sound in the application of the above rules to the facts of this case, and we approve the conclusion reached.

 Even though the proper procedure in signing and acknowledging the plat was not followed, the plat nevertheless was recorded in the probate office of Chilton County.

The plat was referred to and used in the deed in describing the lot conveyed. Therefore, while not constituting a statutory dedication, the plat was admissible in support of the deed. Williams v. Oates, 212 Ala. 396, 102 So. 712.

This plat clearly shows the eastern boundary line of Lots 1, 4, 5, 6, 7, and 8 to be along the western edge of Temple road, and not in the center of Temple road. The appellant having made his description in reference to the plat and having introduced a copy of the plat in evidence, is bound thereby.

We further observe that Mr. Dunlap (the son) by full warranty conveyed to the Thrashes a lot 200 feet deep by 160 feet wide. There were no exceptions made as to any easement for any public road across any part of the lot. Were Dunlap's contention to prevail, and the lot be measured from the center of the road, an encumbrance in the form of the easement on that part of the lot subjected to the easement of the road would constitute a breach of the warranty to a lot of 200 feet in depth.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.